**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re EX PARTE APPLICATION OF EXCHANGE UNION COMPANY, et al.**,<br><br>*Applicants*. | **Case No. 2:26-mc-00036-JDW** |

**ORDER**

**AND NOW**, this 6th day of May, 2026, upon review of Applicant's *Ex Parte* Application For Judicial Assistance In Obtaining Evidence For Use In A Foreign Proceeding Pursuant To 28 U.S.C. § 1782 (ECF No. 1) and Motion To File Under Seal (ECF No. 2), I note as follows:

1. On April 21, 2026, Applicants Exchange Union Company, Shanghai Huiyin Group Co. Ltd., Shanghai Shengyi Information Network Co., Ltd., and Wo Weidong filed an *ex parte* Application for Judicial Assistance, pursuant to 28 U.S.C. § 1782, to take the deposition of Wo Qi for use in a foreign proceeding pending in the Republic of Singapore.[1] The Applicants also moved to seal the Application in order to prevent Ms. Wo from being tipped off about service of the subpoena.[2]

---

[1] In the Application, the Applicants also refer to "proceedings in the Cayman Islands and/or People's Republic of China." (*See* ECF No. 1 at 1.) But the Applicants do not grapple with how I should analyze these proceedings in light of the factors set forth in *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). I therefore only address the Applicants' request as it pertains to the proceedings in Singapore.

[2] "Wo" is a surname, and "Qi" is a given name.

**Application For Judicial Assistance**

2. Section 1782(a) provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony … for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The Court may issue such an order upon "the application of any interested person." *Id.* This decision is a matter subject to the discretion of the district court. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). The Supreme Court has laid out factors that district courts may consider when deciding whether to exercise their discretion under Section 1782(a), including: (1) whether the person for whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to United States federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request contains unduly intrusive or burdensome requests. *See id.*

3. Based on the Applicants' representations, the statutory requirements of Section 1782(a) are met. Ms. Wo "resides or is found" in this District; the requested discovery is "for use in a proceeding in a foreign or international tribunal," (the Singaporean proceeding); and the Applicants are "interested person[s]" as they are parties to the Singaporean proceeding.

4. The *Intel* factors also favor granting the Application. The first factor slightly weighs in favor of granting the Application because Ms. Wo, although a party to the proceeding in Singapore, appears to be outside of the Singaporean tribunal's reach in that it cannot compel her to submit to a deposition. *See In re England/Bahamas*, Case No. 20-MC-61696, 2021 WL 3270074, at *6 (S.D. Fla. July 30, 2021). The second factor also favors granting the Application because there is no reason for me to believe that the Singaporean court will be unreceptive to Ms. Wo's testimony. *See In re Roanoke Ins. Grp., Inc.*, Case No. 21-mc-901110-JCS, 2021 WL 1753810, at *3 (N.D. Cal. May 4, 2021). The third factor favors granting the Application because Singaporean court procedures do not prohibit foreign deposition. (*See* ECF No. 1-3 ¶ 21.) Finally, the fourth factor favors granting the Application because appearing for a deposition that is not to exceed seven hours is neither unduly intrusive or burdensome.

**Motion To File Under Seal**

5. The common law presumes a right of public access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome the strong presumption of access that attaches to judicial records, a movant must demonstrate that the interest in secrecy outweighs the presumption of access by showing that the material is the type of information courts protect and that disclosure would result in a clearly defined and serious injury to the party seeking closure. *Id.* A party seeking to seal judicial records must make a specific, particularized showing;

"[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted).

6. Applicants have failed to rebut this strong presumption primarily because they have not made a particularized showing that disclosure would result in a clearly defined and serious injury. At most, the Applicants suggest that Ms. Wo "may" flee in order to avoid service. But that is rank speculation. The only fact the Applicants point to that even seems to suggest she would evade service is that her brother did so. But I am hard-pressed to find that Mr. Wo will evade service just because her brother did. Applicants also contend that Ms. Wo and other defendants in the Singaporean proceedings will seek to intervene, object to the Application, and delay the granting of the Application. But I do not see how this constitutes a harm to justify sealing. After all, Ms. Wo is entitled to challenge any discovery request under the Federal Rules of Civil Procedure. *See In re Ex Parte Application of Societe d'Etude et d'Exploitation Pour le Traitement du Mais*, 2013 WL 6164435, at *2 n.1. And even the Applicants admit that Ms. Wo has "rights to object to this [A]pplication" and may "move to quash the subpoena." (ECF No. 2 at 5.)

7. Nor have Applicants provided enough reasons for me to waive compliance with Federal Rules of Civil Procedure 30 and 45.[3] They seem to suggest

---

[3] The Applicants represent that "[i]t is not entirely clear whether Rule 45 or Rule 30 notice is required." (ECF No. 2 at 3.) Since the applicability of those Rules is an issue that may arise only in the event the Applicants fail to comply with Rules 30 and 45, I see no need to address that issue now.

that whichever parties they need to serve will tip Ms. Wo off about the forthcoming subpoena so that she can avoid service. But the only evidence they identify are delays resulting from challenges to other Section 1782 applications made by parties in other proceedings and her brother's purported evasion of service. But again, Ms. Wo is not her brother. And delays do not equate to evasion of service. Applicants would need to provide me with more information about what harms would occur and how those harms would come to fruition before I waive the requirements of the Federal Rules.

Therefore, it is **ORDERED** that the Applicants' *Ex Parte* Application For Judicial Assistance In Obtaining Evidence For Use In A Foreign Proceeding Pursuant To 28 U.S.C. § 1782 (ECF No. 1) is **GRANTED**. Applicants may serve a subpoena in a form substantially similar to the version that appears as Exhibit 4 to their Application (ECF No. 1-5).

It is **FURTHER ORDERED** that the Applicants' Motion To Seal (ECF No. 2) is **DENIED**. The Clerk of Court shall **UNSEAL** this case and all filings to date.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.